Chief Judge Desmond
(dissenting in part). I dissent from so much of the decision herein as refuses to give effect to the agreement whereby ADT limited its liability for negligent performance to 10% of ADT’s annual service charge or, in this instance, $56.10. I know of no ground for invalidating such an agreement. It is settled in this State (Ciofalo v. Vic Tanney Gyms, 10 N Y 2d 294) that, except for certain situations not relevant here, an agreement limiting liability or even exempting from liability is enfqrcible. Of course, this could be changed by statute but there is no such statute. The majority opinion here relies on section 5-323 of the General Obligations Law but this statute clearly refers only to contracts for the construction, repair and.maintenance of buildings. The ADT contract we are concerned with is for the provision of alarm service and not within the language or meaning of section 5-323.
Judges Ftxld, Scileppi, BebgaN and KeatiNg concur with Judge VAN Vooehis; Chief Judge DesmoNu dissents, in part, in a memorandum in which Judge Burke concurs.
Order modified and matter remitted to Special Term for further proceedings in accordance with the opinion herein and, as so modified, affirmed, without costs.